IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BENJAMIN HOPSON, II, d/b/a
GELBOORU/GELCOM, and
BLUETYPE, LLC,

                Plaintiffs,                OPINION AND ORDER

    v.

                                                     No. 21-cv-320-wmc

GOOGLE, LLC and
DOES 1-2

                Defendants.

---

Benjamin Hopson, II owns BlueType, LLC, and does business as website Gelbooru/Gelcom ("Gelbooru"). Collectively, these plaintiffs allege that Does 1 and 2 knowingly submitted false takedown notices against Hopson's website in violation of the Digital Millennium Copyright Act, 17 U.S.C. §§ 512, 1201 *et seq*. ("DMCA"). Plaintiffs further allege that in responding to those takedown notices, Google, LLC violated the DMCA's takedown notice procedures and failed to restore certain content to the website. Google moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6) because: the court lacks jurisdiction over this lawsuit; and the complaint fails to state a viable claim against Google. For the following reasons, the court will dismiss defendant Google, as well as provide plaintiffs the opportunity to submit an amended complaint clarifying their allegations against Does 1 and 2.

ALLEGATIONS OF FACT[1]

Gelbooru is website of Japanese animation and related images where users can upload, search, and comment on its content. Google is a technology company that provides a popular, eponymous search engine and a web browser called Chrome. At some point, Google received multiple DMCA takedown notices from Does 1 and 2 claiming that certain content on Gelbooru infringed their copyright. After redacting the complainants' contact information, Google forwarded these notices to plaintiffs. Google also preemptively "delisted" the disputed content from its search engine, disabled "site content javascripts," and displayed notices on Gelbooru that allegedly "would scare the average user into thinking something" on the website "is malicious" in nature. (Dkt. #2 at 4.) As a result, plaintiffs claim that defendants' wrongful "interference with business contracts" has caused Gelbooru to generate less revenue. (*Id.*)

After plaintiffs received the redacted takedown notices, they submitted multiple counter notices to Google contending that the disputed content did not infringe anyone's copyright and asking that the disputed content be restored. However, when Google replied to plaintiffs, it was only to convey that no further action would be taken or to state "a pretextual reason to disable access to the site." (*Id.* at 5.) Google has still not restored some of this disputed content after over five years in "review."

---

[1] The court draws the following facts from the complaint and supplement (dkt. ##1, 2), "accept[ing] as true all of the well-pleaded facts in the complaint and draw[ing] all reasonable inferences in favor of" plaintiffs. *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017) (standard for review under Rule 12(b)(6)), (internal citation omitted); *see also Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017) ("A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint, accepting as true all well-pleaded factual allegations and drawing reasonable inferences in favor of the plaintiffs.").

OPINION

In this lawsuit, plaintiffs not only claim that Google altered the content and appearance of Gelbooru and failed to follow DMCA takedown notice procedures -- all damaging plaintiffs' business reputation and interfering in their contractual relationships with advertisers -- but also by redacting the Does' identities and contact information from the takedown notices, Google has ensured that plaintiffs cannot identify, much less pursue their claims against, these other defendants. As noted, Google moves for dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction, and under Rule 12(b)(6) for failure to state a claim. The court will address Google's motion, and then turn to the viability of plaintiffs' claims against Does 1 and 2.

**I. Subject Matter Jurisdiction**

As an initial matter, the court must address the question of its own subject matter jurisdiction. As discussed below, even if the DMCA does not provide plaintiffs with a viable cause of action against providers like Google, the statute *does* create liability for knowingly making false claims in a takedown notice as alleged against Does 1 and 2. *See* 17 U.S.C. § 512(f) (creating liability for misrepresentations in takedown notices and in counter notices). Therefore, the court has jurisdiction over this lawsuit under § 1331, regardless of the merits of plaintiffs' claims against Google.

**II. Failure to State a Claim**

The court next turns to Google's motion to dismiss the claims against it under Rule 12(b)(6), which challenges the legal sufficiency of the complaint on the basis that plaintiffs

3

have failed to state a claim for which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In particular, dismissal of a claim is appropriate where "the allegations of the complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. To survive a motion to dismiss, therefore, a complaint must "plead[ ] factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### A. Plaintiffs' DMCA Claims

Title II of the DMCA limits the liability of internet service providers ("ISPs") for copyright violations committed by their users. Nevertheless, plaintiffs claim Google is liable for failing to follow certain procedural steps for addressing takedown notices under § 512(g) of the DMCA. Unfortunately for plaintiffs, that section of the statute actually creates a "safe harbor," which protects ISPs from suit for taking down allegedly infringing content. Specifically, under § 512(g), an ISP's obligations are initially *triggered* by the receipt of a takedown notice from a copyright holder declaring that one of the ISP's users has violated copyright laws. 17 U.S.C. § 512(g)(2). After receiving the takedown notice, the ISP must then "take[ ] reasonable steps promptly to notify the subscriber that it has removed or disabled access to the material." § 512(g)(2)(A). The subscriber may then file a counter notice declaring that the disputed material is not infringing and was wrongfully removed under § 512(g)(3). Moreover, when an ISP receives a valid counter notice, it must then "promptly provide[ ]" a copy to the copyright holder who filed the original takedown notice. *Id.* at § 512(g)(2)(B). Outside of situations where the copyright holder

4

notifies an ISP that it has filed a court action against the alleged infringer, the ISP must then restore the disputed material within 10 to 14 business days under § 512(g)(2)(C). *See Martin v. Tumblr, Inc.*, No. 15-cv-8338, 2017 WL 11665339, at *4 (S.D.N.Y. Feb. 10, 2017) (providing a detailed overview of the § 512 procedure).

Here, plaintiffs allege that defendant Google failed to comply with § 512(g)'s strictures by: (1) redacting contact information from the original takedown notices; (2) failing to restore the disputed content within 10 to 14 business days of receiving plaintiffs' counter notices; and (3) failing to forward plaintiffs' counter notices to the senders of the takedown notices. As Google points out, however, its alleged failure to comply with § 512(g) does *not* create direct liability for any violation of plaintiffs' rights. It merely denies Google a safe harbor *defense* should plaintiffs bring some other claim against the ISP for removing allegedly infringing material, such as a state contract or tort law claim. *Martin*, 2017 WL 11665339, at *3-4 (§ 512(g) does not create any affirmative cause of action; it creates a defense to liability); *see also Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001) (holding plaintiffs may sue under a federal statue only where there is an express or implied private right of action). So, even if Google did not follow the procedure entitling it to a safe harbor defense in this case, the effect is disqualifying it from that defense, not creating liability under § 512(g) of the DMCA for violating plaintiffs' rights.

### B. Plaintiffs' Remaining Claims

Relatedly, plaintiffs remaining claim that Google delisted plaintiffs' content from its search engine, disabled access to plaintiffs' content, and failed to restore links to plaintiffs' search index appear (as Google asserts) barred by the First Amendment, a point

5

that plaintiffs basically concede, if not also by the Communications Decency Act, 47 U.S.C. § 230 ("CDA"). (*See* dkt. #9 at 2-3 (stating in response that "[t]here is no debate to this claim as written.").

At their core, each of these remaining claims against Google challenge its editorial judgments about what to publish or not publish -- whether by restricting and filtering the website's contents or filtering search results. Thus, numerous district courts have concluded that such activity is protected by the First Amendment. *E.g.*, *e-ventures Worldwide, LLC v. Google, Inc.*, No. 14-cv-646-ftm-pam-cm, 2017 WL 2210029, at *4 (M.D. Fla. Feb. 8, 2017) ("A search engine is akin to a publisher, whose judgments about what to publish and what not to publish are absolutely protected by the First Amendment"); *Zhang v. Baidu.com, Inc.*, 10 F. Supp. 3d 433, 435 (S.D.N.Y. 2014) ("the First Amendment protects as speech the results produced by an Internet search engine"); *Langdon v. Google, Inc.*, 474 F. Supp. 2d 622, 629 (D. Del. 2007) (declining to require defendants to place plaintiff's ads for his websites in prominent places on their search engine results and "honestly" rank his websites as violative of defendants' First Amendment rights). Admittedly, Google's argument that plaintiff's allegations amount to the kind of "traditional publishing activities" that warrant protection under § 230(c)(1) of the CDA is more uncertain, at least in this circuit. *See Huon v. Denton*, 841 F.3d 733, 743 (7th Cir. 2016) (noting that other courts of appeals have found that "traditional publishing activities" warrant protection under the Act but declining to "wade into that debate"); *Chi. Laws.'s Comm. for Civ. Rts. Under Law, Inc. v. Craigslist, Inc.*, 519 F.3d 666, 671 (7th Cir. 2008) (acknowledging that this circuit has questioned whether § 230(c)(1) "creates any

6

form of immunity"). However, it is unnecessary to reach that issue here given the First Amendment bar to plaintiffs proceeding against Google for removing content offered by third parties.

Accordingly, Google's motion to dismiss will be granted. However, as discussed below, plaintiffs may submit a proposed amended complaint consistent with this ruling.

### III. The Doe Defendants

This leaves plaintiffs' claims against the Doe defendants, which are currently insufficient to identify, much less proceed against those defendants. In fairness, Federal Rule of Civil Procedure 8 mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs allege that these individuals or entities have submitted knowingly false takedown notices, but that is simply a legal conclusion without any factual support. *See Twombly*, 550 U.S. at 555 (a plaintiff must plead "more than labels and conclusions"). For example, plaintiffs do not allege: when these takedown notices were submitted; what content was targeted; or why the notices were false. Nor do plaintiffs attach the challenged takedown notices received from Google. These Doe defendants are thus not identifiable; and even if they were, plaintiffs fail to provide notice of specifically how and when plaintiffs believe their rights were violated by those defendants. *Id.* (the plaintiff's short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests"). Because it is *possible* that plaintiffs could yet state false takedown notice claims with sufficient specificity against the Doe defendants, however, the court will allow plaintiffs a *brief* window of time to submit an amended complaint that clarifies those claims.

7

Before deciding whether to file an amended complaint and proceed against the Doe 1 and 2, plaintiffs should be aware of two additional concerns. First, Hopson seems to be attempting to represent his company, as well as himself *pro se*. However, a corporation may appear in the federal courts *only* through licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003). This rationale "applies equally to all artificial entities," *Rowland*, 506 U.S. at 202, including limited liability companies like plaintiff BlueType, LLC. *Hagerman*, 545 F.3d at 581-82; *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007); *Kipp v. Royal & Sun Alliance Personal Ins. Co.*, 209 F. Supp. 2d 962, 963 (E.D. Wis. 2002). Thus, at least plaintiff Bluetype, LLC will have to retain counsel to proceed further. Second, plaintiffs may have to file a motion to take early discovery for the limited purpose of identifying the Doe defendants, including seeking leave to serve a third-party subpoena under Federal Rule of Civil Procedure 45. These requests are granted upon a showing of good cause. *Liberty Media Holdings, LLC v. Swarm of Nov. 27, 2010 to Jan. 31, 2011*, No. 11-C-394, 2011 WL 1740181, at *1-2 (E.D. Wis. May 3, 2011). Good cause exists when "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Hard Drive Productions, Inc. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012).

With all this in mind, plaintiffs may have 30 days to submit an amended complaint clarifying their allegations against Does 1 and 2 and, if necessary, moving to take early discovery. Plaintiffs should also attach as exhibits to the amended complaint the actual takedown notices they allege are false. If plaintiffs do not file an amended complaint by

the deadline indicated below, the court will assume that they no longer wish to pursue this lawsuit and will dismiss it.

ORDER

IT IS ORDERED that:

1) Defendant Google, LLC's motion to dismiss (Dkt. #8) is GRANTED.

2) Plaintiffs may have until April 28, 2023 to file an amended complaint meeting the requirements specified above. Otherwise, the claims against the Doe defendants, and thus this lawsuit, will also be dismissed.

Entered this 31st day of March, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge